WILLIAM J. POULSON and ISRAEL POULSON, administrators &c., appellants,

*v.*

THE NATIONAL BANK OF FRENCHTOWN et al., respondents.

Any person interested in an estate as creditor, or otherwise, has a right to file exceptions in the orphans court to the account of a discharged or removed administrator.

On appeal from a decree of the ordinary, reported in *Poulson* v. *Nat. Bk. of Frenchtown, 6 Stew. Eq. 250.*

*Messrs. J. G. Shipman & Son,* for appellants.

I. The appellants insist that the respondents, as alleged creditors of the said Samuel B. Hudnut, deceased, had no right, by the statute, to except to the accounts of the removed administrators, that no one but the new administrators could do that, and that the ordinary erred in holding that the respondents had the right to file the exceptions, and that the decree of the orphans court of the county of Hunterdon refusing to strike out the exceptions filed by the said respondents, severally, was right. *McDonald* v. *O'Connell, 10 Vr. 318; Rev. 781 §§ 129, 130.*

II. There was no proof that the respondents were creditors, and no proof could be offered to the court that they were creditors. The appellants denied that they were creditors. They alleged that they were not indebted to the Northampton County Savings Bank at all, but insisted that that institution was indebted to them, and they wanted to contest their claim, and they further insisted that to allow an alleged creditor to come in and

stand on the record as a creditor, and contest the appellant's account, would be conclusive evidence that it was a creditor, and the appellants would not be able to contradict the record.

*Messrs. J. T. Bird, J. N. Voorhees* and *E. R. Bullock,* for respondents.

I. The appellants are administrators of Samuel B. Hudnut, deceased. They were removed from office by the orphans court of the county of Hunterdon, and directed by said court to file an account. Having done so, the respondents, as creditors of said Hudnut, filed exceptions to it, and the question presented is, whether the creditors of, or other persons interested in, an estate, may file exceptions to the account of a removed or discharged executor, or whether this right of exception is confined to the newly appointed administrator.

The statute (*Rev. 775 § 105*) expressly states that " any person interested in the settlement of the account of any executor, administrator &c., may, by himself or his attorney, make exception to said account."

Also section one hundred and six, same page, confers same power on the court. *Rev. 771,* § *86 ; 2 Wms. on Exrs. 1775, 1776, 1778 ; Schenck* v. *Schenck, Pen. 562 ; Davidson* v. *Davidson, 2 Harr. 169 ; Rogers* v. *Rogers, 3 Wend. 505 ; Hawley* v. *James, 5 Paige 318.*

The opinion of the court was delivered by

PARKER, J.

This is an appeal from a decree of the ordinary affirming a decree of the orphans court of the county of Hunterdon.

The appellants were administrators of Samuel B. Hudnut, deceased. On the 21st day of January, A. D. 1878, an order was made by the orphans court discharging said administrators and directing them to account. On the 28th day of the same month, Edward P. Conklin was appointed administrator in the place of appellants.

Subsequently, the appellants filed their account, and the respondents, claiming to be creditors of the estate, filed exceptions thereto. The appellants then moved the orphans court to strike out the exceptions upon two grounds.

*First.* Because it did not appear that the exceptants were creditors of the estate. And

*Secondly.* Because, if creditors, they had no legal right to except to the account of removed or discharged administrators.

The orphans court refused to strike out the exceptions. Thereupon an appeal was taken to the prerogative court, where the decree of the orphans court was affirmed.

In the exceptions filed by the respondents, they claimed to be creditors. If, upon investigation, it had appeared that they were not creditors, and not interested in the estate, their right to intermeddle, would doubtless have been denied by the orphans court, and the exceptions dismissed.

But, by at once appealing from the order refusing to strike out the exceptions, the appellants prevented inquiry into that question by the orphans court. There cannot be a reversal on this ground.

The second and chief question for decision is, whether creditors have the right to file exceptions to accounts presented to the orphans court for settlement, by discharged or removed administrators. The contention on behalf of the appellants is, that in such case, none but the newly appointed administrator can except.

The one hundred and fifth section of the orphans court act provides that any person interested in the settlement of the account of any executor, administrator, guardian or trustee, may appear and make exceptions. The language of the section is broad, and applies to the case under consideration. No other section of the act limits its application.

It is true that the one hundred and twenty-ninth and one hundred and thirtieth sections of the orphans court act, which provide for the appointment of administrators in place of those discharged or removed, give power to those newly appointed to demand, receive and recover from their predecessors, the prop-

erty and assets of the estate, and make it the duty of those dis-
charged or removed to settle their accounts and deliver to their
successors the property of the estate, and pay over the balance of
the money in their hands found to be due upon settlement. But
these sections are not inconsistent with the one hundred and fifth
section. The object of creditors, in filing exceptions, is not
to obtain directly, from discharged or removed administrators,
the property or money of the estate in their hands, but to ascer-
tain what property is in their hands, and the true amount of
money they should pass over to the newly appointed adminis-
trators. To do this, any person interested in the estate may
intervene.

In this case, either the present administrator, or the creditor,
or both, could file exceptions.

The orphans court did right in refusing to strike out the
exceptions filed by respondents.

The decree of the ordinary is affirmed, with costs.

*Decree unanimously affirmed.*

